IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NEBRASKA BEEF, LTD., a Nebraska Limited Partnership, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADVANCED FOOD COMPANY, Inc., an Oklahoma Corporation, )<br>)<br>Defendant. )<br>) | 8:09CV107<br><br>MEMORANDUM AND ORDER |

Before the court are 1) plaintiff's (hereinafter "Nebraska Beef") motion to permit additional evidence, Filing No. 19; 2) Nebraska Beef's appeal from the magistrate judge's order, Filing No. 21; and 3) defendant's (hereinafter "AFC") unopposed motion for leave to allow additional evidentiary materials, Filing No. 27.

**Background**

On October 24, 2008, AFC filed a lawsuit against Nebraska Beef in the United States District Court for the Western District of Oklahoma. This lawsuit involves a contract dated June 25, 2008, for the sale of beef that was recalled on August 14, 2008, and AFC sought over $700,000 in damages. It also involves a Product Warranty, General and Continuing Guarantee, and Indemnification Agreement. AFC asserted ten claims for relief under this warranty agreement. On March 23, 2009, Nebraska Beef filed this action against AFC in the United States District Court for the District of Nebraska. This lawsuit allegedly involves seven unpaid contracts for goods entered into by Nebraska Beef and AFC between August and September 2008, none of which, Nebraska Beef argues, were involved in the recall in the Oklahoma case. AFC contends that these transactions involve the Product Warranty

and the beef which is already the subject of the Oklahoma case. AFC moved to transfer the Nebraska case to Oklahoma. Filing No. 7.

**Evidentiary Motions**

With regard to Nebraska Beef's motion to file additional evidence, Filing No. 19, the court finds this motion should be granted. Nebraska Beef asks this court to permit the declaration of its attorney, Brian Brislen, and review Filing No. 20, Exhibit 1, "Notice of Deposition of Rob McLaughlin and Mark Allen" which contains a certificate of service on AFC's local counsel in Oklahoma case dated July 24, 2009. Counsel for Nebraska Beef also asks this court to review Filing No. 20, Exhibit 2, which is a copy of a "Notice of Deposition of Advance Food's Employees Named Herein," with a certificate of service on AFC's local counsel in the Oklahoma case on July 24, 2009. Counsel for Nebraska Beef stated that counsel for AFC in the Oklahoma case indicated that his partner had deposed at least fifteen of the witnesses set forth in Exhibits 1 and 2 during the week of July 27, 2009. Filing No. 20, Ex. 1. AFC has filed a statement saying it has no objection to these additional evidentiary materials which were not submitted to the magistrate judge. Filing No. 30. The court has reviewed the motion and the evidence and finds the motion should be granted. Accordingly, Nebraska Beef's evidence is received by the court for purposes of this motion.

AFC also asks the court to allow it to submit additional evidence in opposition to Nebraska Beef's appeal of the magistrate judge's order transferring this case. Filing No. 27. AFC contends that this evidence did not exist at the time of briefing and could not be presented to the magistrate judge. Nebraska Beef has no objection to this motion. The court has carefully reviewed the motion and finds it should be granted. AFC's Exhibit 1, Filing No. 28, dated July 28, 2009, which is the amended scheduling order in the Oklahoma case, is received for purposes of this motion.

**Standard of Review –Motion to Transfer**

In nondispositive matters, this court reviews the magistrate judge's order under the clearly erroneous or contrary to law standard. Fed. R. Civ. P. 72(a). Although venue in Nebraska has been found proper, a district court may nevertheless transfer any civil action—for the convenience of the parties and witnesses or in the interest of justice—to any other district in which it could have been brought. 28 U.S.C. § 1404(a). This provision was drafted in accordance with the doctrine of *forum non conveniens*, permitting transfer to a more convenient forum, even though venue is proper. *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 736 n.2 (8th Cir. 1997). A plaintiff's choice of his home forum is usually accorded great deference and will not be disturbed unless the balance of private and public factors heavily indicate another forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-256 (1981). Generally, transfer under § 1404(a) "should not be freely granted." *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982).

When deciding a motion to transfer venue under the doctrine of *forum non conveniens*, courts must consider: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). A district court is not, however, limited to evaluating only these factors in assessing a transfer motion. *Id.* Determinations of venue require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors. *Id.* at 697-98. There is no exhaustive list of specific factors to consider. *Id.* A district court is directed to take account of factors other than those that bear solely on the parties' private ordering of their affairs; it also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in

3

addition to private concerns, come under the heading of "the interest of justice." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988). A transfer pursuant to § 1404(a) does not carry with it a change in the applicable law. *Van Dusen v. Barrack*, 376 U.S. 612, 636-637 (1964) (stating section 1404(a) "should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of fairness, simply to authorize a change of courtrooms."). The burden is on the movant to show that a transfer is proper. *Terra Int'l, Inc.*, 119 F.3d at 695-96.

**Discussion**

The magistrate judge granted AFC's motion to transfer. See Filing Nos. 7 and 18. Nebraska Beef appealed, Filing No. 21, arguing the magistrate judge erred in finding that (1) the events giving rise to this litigation essentially occurred in Oklahoma; (2) that the relevant documents are in Oklahoma; (3) that the interests of justice and convenience of the parties and witnesses weighs in favor of Oklahoma; (4) that the costs would be less if litigated in one forum; and (5) that the balance of interests weigh heavily in favor of transferring this action to Oklahoma.

Nebraska Beef contends that the Nebraska case and the Oklahoma case are not based on the same facts or legal issues. Further, Nebraska Beef argues that under Nebraska law contracts for the sale of goods prohibits a party from deducting or setting off damages from one contract for amounts owed on another contract in any event. Neb. Rev. Stat. U.C.C. § 2-717. Nebraska Beef further contends that the magistrate judge erroneously determined that the beef products sold by Nebraska Beef to AFC were done so on different days but all sold by Nebraska Beef to AFC pursuant to the June 11, 2008, warranty

4

agreement. Nebraska Beef states this finding is clearly erroneous. Nebraska Beef agrees that products purchased in both contracts were subject to the June 11th warranty agreement. However, Nebraska Beef argues that these products were not purchased pursuant to the warranty agreement and, thus, the Oklahoma case deals with the warranty agreement and the Nebraska case deals with the separate contract. In addition, Nebraska Beef contends that AFC placed its order with a Nebraska business, that the product was shipped from Nebraska to Oklahoma, payment was due in Nebraska, and AFC refused to pay in Nebraska. These factors, assert Nebraska Beef, favor keeping the case in Nebraska. Nebraska Beef also contends that the primary documents, i.e., invoices, are located in Nebraska. Further, argues Nebraska Beef, as the additional evidence presented by AFC shows, fifteen depositions have been taken in the Oklahoma case and would be duplicated in any event. Thus, argues Nebraska Beef, AFC cannot meet its burden of showing the court that this case should be transferred to Oklahoma.

AFC argues that the magistrate judge's order in this case is neither clearly erroneous nor contrary to law. AFC contends that Nebraska Beef could have filed a counterclaim in the Oklahoma case and chose not to do so. AFC argues that there were seven oral contracts between the parties, that the beef was shipped to Oklahoma, that the invoices were sent to Oklahoma, that AFC accepted the beef in Oklahoma, and that AFC refused to pay in Oklahoma. Further, AFC argues that the documents include the invoices and bills of lading, and that most documents are located in Oklahoma, including some recall documents that AFC contends are relevant to this lawsuit. In addition, AFC argues that the magistrate judge's finding that these two cases are interrelated, as are the witnesses and parties, is not clearly erroneous and that this factor weighs in favor of Oklahoma. For the same reasons, asserts AFC, the costs of litigation will be reduced if the case is transferred to Oklahoma.

The court has carefully reviewed the magistrate judge's order, Filing No. 18, as well as the new evidence and arguments submitted by both counsel. The court finds the magistrate judge's findings of fact are not clearly erroneous nor are his legal applications contrary to the law . Although this court cannot at this time say conclusively so, the court agrees that these contracts might be related, given the context of the situation that has arisen between the parties. The court also agrees with the magistrate judge's analysis, Filing No. 18 at 4-6, regarding the factors for transfer of this case to Oklahoma. Accordingly, the court will deny the appeal.

THEREFORE, IT IS ORDERED:

1. Nebraska Beef's motion to submit additional evidence, Filing No. 19, is granted.

2. AFC's unopposed motion for leave to allow additional evidentiary materials, Filing No. 27, is granted.

3. The appeal of Nebraska Beef, Filing No. 21, is overruled and denied.

4. The Clerk of Court is ordered to transfer this case to the United District Court for the Western District of Oklahoma and notify the Clerk of Court in Oklahoma that this case may or may not be related to the pending case of *Advance Food Company, Inc. v. Nebraska Beef, Ltd.,* No. 08CV1139-M.

DATED this 18th day of September, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.